KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR1911-W |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:** |
| | ) **(1) TO COMPEL DISCOVERY AND PRESERVE EVIDENCE; AND** |
| JOHNNY MARTIN HOOD, | ) **(2) FOR LEAVE TO FILE FURTHER MOTIONS** |
| Defendant. | ) **AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY** |
| | ) **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | ) Date: July 28, 2008 |
| | ) Time: 2:00 p.m. |
| | ) Court: The Hon. Thomas J. Whelan |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motions to Compel Discovery and for Leave to File Further Motions. This Response and Opposition is based upon the files and records of the case together with the attached Statement of Facts and Memorandum of Points and Authorities.

//

//

//

//

# I

## STATEMENT OF THE CASE

On June 11, 2008, a federal grand jury in the Southern District of California returned an eight-count Indictment charging defendant Johnny Martin Hood ("Defendant") with Bringing in Illegal Aliens for Financial Gain and Aiding and Abetting, and Bringing in Illegal Aliens Without Presentation, in violation of Title 8, United States Code, Section 1324. Defendant was arraigned on the Indictment on June 30, 2008, and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

### A.    Defendant's Apprehension

On April 22, 2008, at about 8:34 p.m., Defendant applied for admission into the United States at the San Ysidro Port of Entry. Defendant was the driver and sole visible occupant of a blue 2000 Chevrolet pickup truck. Defendant presented a counterfeit California Identification Card with his photograph and the name "Joseph George McQuisten." The primary officer observed individuals attempting to avoid inspection by hiding under a blanket in the bed of the truck. The officer reached for Defendant's arm to handcuff him, but Defendant fled out the passenger door, leaving the truck in gear and moving. Defendant was apprehended and escorted to secondary inspection. In secondary, officers discovered that Defendant had a photo-substituted United States passport with his photograph and the name "Josepeh George McQuisten." Officers discovered five illegal aliens in the rear seat cab area and eight illegal aliens in the bed of the pickup truck.

At about 12:35 a.m., Defendant was advised of his <u>Miranda</u> rights and elected to invoke his right to remain silent.

Four of the illegal aliens were designated as material witnesses and interviewed. The material witnesses were to pay between $2700 and $3000 to be smuggled into the United States.

Defendant was apprehended smuggling aliens into the United States through the San Ysidro Port of Entry on March 22, 2008 (1 alien), March 24, 2008 (4 aliens), March 26, 2008 (5 aliens), and April 17, 2008 (7 aliens). One of the illegal aliens from the April 17, 2008 event, Mario Arroyo-Alejandre is

a material witness from the charged event on April 22, 2008. During the April 17 event, Defendant presented a photo-substituted United States passport in the name of Michael R. Crown.

**B.     Defendant's Criminal History**

On October 11, 2005, Defendant was convicted in the Superior Court of California, San Diego County, of misdemeanor Possession of a Controlled Substance. Defendant was sentenced to 3 years probation and a fine.

On April 26, 2001, Defendant was convicted in California Municipal Court of felony domestic violence and sentenced to 365 days in jail.

On February 6, 1995, Defendant was convicted in the Superior Court of California, San Diego County, of Hit and Run and Evading a Peace Officer. Defendant was sentenced to 120 days in jail.

By the Government's calculations, Defendant has 5 criminal history points under the Sentencing Guidelines and is in criminal history category III.

## III

## DEFENDANT'S MOTIONS

**A.     Motion to Compel Discovery**

**1.     Discovery in this Matter is Current**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 300 pages of discovery and two DVDs, including reports of his arrest, his rap sheet, reports of his prior apprehensions and discovery related to the smuggled aliens. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. As of the date of this filing, the Government has received no reciprocal discovery. Because discovery is current in this case, the Government requests that Defendant's Motion to Compel Discovery be denied.

**2.     The Government Has and Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward.

1       As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted. In this case, the Government will ask the affected law enforcement agency to conduct the reviews and report their findings to the prosecutor assigned to the case.

      The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

      The Government will furnish to Defendant a copy of her prior criminal record, if any, that is within the Government's possession, custody or control if the attorney for the Government knows– or through due diligence could know–that the record exists. Furthermore, pursuant to Federal Rules of Evidence 404(b) and 609, the United States will provide Defendant with reasonable notice before trial of the general nature of the evidence of any extrinsic acts that it intends to use at trial. See FED. R. EVID. 404(b), advisory committee's note ("[T]he Committee opted for a generalized notice provision which requires the prosecution to appraise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure[.]"). If the Government intends to introduce TECS information as part of its case-in-chief at trial, discovery of the relevant TECS reports will be made at least by the time of the filing of its trial memorandum.

      To the extent Defendant requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

//
//
//

**3.    The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision**

   *a.    Defendant's Statements*

The United States recognizes its obligations under Fed. R. Crim. P. 16(a)(1)(A) to disclose "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement in trial." The United States has turned over investigative reports, including those which disclose the substance of Defendant's oral statements.

The United States is not required under Fed. R. Crim. P. 16 to deliver oral statements, if any, made by a defendant to persons who are not United States' agents. Nor is the United States required to produce oral statements, if any, voluntarily made (i.e. statements that were not made in response to interrogation) by a defendant to United States' agents. See United States v. Hoffman, 794 F.2d 1429, 1432 (9th Cir. 1986); United States v. Stoll, 726 F.2d 584, 687-88 (9th Cir. 1984). Moreover, the United States will not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

The United States also recognizes its obligations under Fed. R. Crim. P. 16(a)(1)(B) to disclose relevant written or recorded statements by Defendant. The Government has disclosed the Defendants' recorded post-arrest statements.

   *b.    Rough Notes*

The United States will fully comply with its discovery obligations under the Jencks Act. The United States objects, however, to Defendant's premature request for the production of any rough notes of United States' agents. For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness' oral statement, or (3) a statement by the witness before a grand jury. See 18 U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act if the statements are adopted by the witness, as when the notes are read back to a witness to see whether or not the government agent correctly understood what the witness said. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). In addition, rough notes by a government agent "are not producible under the

1  Jencks Act due to the incomplete nature of the notes." <u>United States v. Cedano-Arellano</u>, 332 F.3d 568,
2  571 (9th Cir. 2004). Moreover, the production of agents' notes related to Defendant's statements is not
3  required under Fed. R. Crim. P. 16 because the United States has "already provided defendant with
4  copies of the formal interview reports prepared therefrom." <u>United States .v Griffin</u>, 659 F.2d 932, 941
5  (9th Cir. 1981).

6  In any case, production of this material need only occur after the witness making the Jencks Act
7  statements testifies on direct examination. <u>See</u> <u>United States v. Robertson</u>, 15 F.3d 862, 873 (9th Cir.
8  1994). Accordingly, although the United States will likely produce all Jencks material prior to eliciting
9  a witness's testimony, the United States reserves the right to withhold Jencks Act statements of any
10 particular witness it deems necessary until after they testify. The United States will, however, take steps
11 to preserve any rough notes that exist in this case.

12            ***c.***            ***Reports***

13 Defendant requests production of all reports. As stated, the United States will comply with all
14 of its discovery obligations, but the United States is only obligated to produce reports if those reports
15 require production under Rule 16(a)(1), i.e. reports of a Defendant's statements, or under <u>Brady</u> or
16 Jencks. <u>See</u> Rule 16(a)(2) ("Except as rule 16(a)(1) provides otherwise, this rule does not authorize
17 disclosure or inspection fo reports, memoranda, or other internal government documents made by an
18 attorney for the government <u>or other government agent</u> in connection with investigating or prosecuting
19 the case.").

20            ***d.***            ***Impeachment Evidence***

21 Regarding prospective government witnesses, the Government will provide the defendant with
22 the following items prior to any such witness's trial testimony:

23       (1)    The terms of all agreements (or any other inducements) it has made with
24 government witnesses, if they are entered into;

25       (2)    All relevant exculpatory evidence concerning the credibility or bias of government
26 witnesses as mandated by law; and,

27       (3)    Any record of prior criminal convictions (of which the Government is aware) that
28 could be used to impeach a government witness.

1 Furthermore, any uncharged prior misconduct attributable to government witnesses, all promises made to and consideration given to such witnesses by the Government, and all threats of prosecution made to government witnesses by the Government will be disclosed if required by the doctrine of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 450 U.S. 150 (1972). The Government will not provide information which "arguably could be helpful or useful to the defense" because it does not meet the Brady standard.

As stated above, the Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, objects to providing any evidence that a witness has *ever* used narcotics or other controlled substance, or has *ever* been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision.

### e. *Witness Lists*

While the Government will supply a tentative witness list with its trial memorandum, it objects to providing addresses. See United States v. Steele, 785 F.2d 743, 750 (9th Cir. 1986); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980); United States v. Conder, 423 F.2d 904, 910 (9th Cir. 1970) (addressing defendant's request for the addresses of actual Government witnesses). The Government also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).

### f. *Statements Relevant to the Defense*

The United States objects to the request for "any statement relevant to any possible defense or contention" as overbroad and not required by any discovery rule or Ninth Circuit precedent. In making this request, Defendant relies on United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982), overruled on other grounds by Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 1499 (1988), however, the Ninth Circuit holding was not so broad. In fact, the Ninth Circuit, interpreting Fed. R. Crim. P. 16,

1 held: "We believe the Government should disclose any statement <u>made by the defendant</u> that may be
2 relevant to any possible defense or contention that the defendant might assert." <u>See</u> <u>Bailleaux</u>, 685 F.2d
3 at 1114 (emphasis added). Therefore, the United States will only disclose relevant statements <u>made by</u>
4 <u>Defendant</u> pursuant to this request.

### g. *Personnel Records of Government Officers Involved in the Arrest*

6 Defendant has not cited any competent authority that requires the United States to produce all
7 citizen complaints or internal affairs documents regardless of whether the complaint was substantiated.
8 The United States has complied and will continue to comply with <u>United States v. Henthorn</u>, 931 F.2d
9 29 (9th Cir. 1991) by requesting that all federal agencies involved in the criminal investigation and
10 prosecution review the personnel files of the federal law enforcement inspectors, officers, and special
11 agents whom the United States intends to call at trial and disclose information favorable to the defense
12 that meets the appropriate standard of materiality. <u>See</u> <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th
13 Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the materiality
14 of incriminating information in the personnel files is in doubt, the information will be submitted to the
15 Court for an <u>in</u> <u>camera</u> inspection and review.

### h. *Training of Relevant Law Enforcement Officers*

17 The Government objects to providing to Defendant a copy of all policies, training instructions,
18 and manuals issued by all law enforcement agencies involved in this case. The requested policies,
19 training instructions, and manuals are irrelevant and do not fall within the scope of Rule 16, or any other
20 statutory or Constitutional disclosure provision. Even if one or more of the inspectors, officers, or
21 special agents violated his or her own administrative regulations, guidelines, or procedures, such
22 violations would not result in the exclusion of evidence if Defendant's Constitutional and statutory rights
23 were not violated in this case. <u>United States v. Caceres</u>, 440 U.S. 741, 744 (1979); <u>United States v.</u>
24 <u>Hinton</u>, 222 F.3d 664 (9th Cir. 2000).

### i. *Performance Goals and Policy Awards*

26 The Government objects to providing Defendant with information regarding the agency standards
27 used for measuring, compensating, or reprimanding the conduct of all law enforcement officers involved
28 in this case. The requested information regarding the agency standards used for measuring,

1  compensating, or reprimanding the conduct of the law enforcement officers is irrelevant and does not
2  fall within the scope of Rule 16, exculpatory evidence under <u>Brady</u>, impeachment evidence under <u>Giglio</u>,
3  or any other authority governing disclosure.

4  **B.    <u>Motion for Leave to File Further Motions</u>**

5  The Government does not oppose Defendant's request for leave to file further motions, as
6  long as such motions are based on discovery not yet received by Defendant.

7  **IV**

8  **<u>MOTION FOR RECIPROCAL DISCOVERY</u>**

9  The United States moves the Court to order Defendant provide all reciprocal discovery to
10  which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to
11  disclose to the United States all exhibits and documents which Defendant "intends to introduce as
12  evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases
13  for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the
14  Federal Rules of Evidence.

15  **V**

16  **<u>CONCLUSION</u>**

17  For the foregoing reasons, the Government respectfully requests that Defendant's motions, except
18  where not opposed, be denied and that the Government's motion for reciprocal discovery be granted.

19  DATED: July 21, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ ***Nicole Acton Jones***
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>               Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JOSE MENDOZA-CARDENAS,  )<br>  )<br>               Defendant.  )<br>_____  ) | Criminal Case No. 07CR1875-W<br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE A. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Charles L. Rees

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney